IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jorge L. Margarrez, | ) | C/A No. 0:10-2467-HMH-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Edgefield Federal Prison; Mary Mitchell, | ) | |
| *Warden*; Mr. Acosta, *Assist. Warden*; Mr. | ) | |
| Collie, *Captain*; Mr. Santiago, *S.I.S.*; Mr. | ) | |
| Clark, *Lt.*; Mr. Hollet, *Lt.*; Mr. Neal, *C1 Unit* | ) | |
| *Manager*; Mr. H. Koger, III, *B Unit Manager*; | ) | |
| Mrs. S. Cheek, *B-Case Manager*; Mr. J. | ) | |
| Bryant, *B Counselor*; Mr. Johnson, | ) | |
| *C Counselor*; Mr. Roper, *Unit Officer*; Mr. | ) | |
| Upson, *Unit Officer*; Mr. Flores, *Unit Officer*; | ) | |
| Mr. Kate, *Unit Officer*; Mrs. Martin, *Unit* | ) | |
| *Officer*; Mr. Green, *Unit Officer*; Mr. Evans, | ) | |
| *Unit Officer*; Mrs. Jackson, *Unit Officer*; Mr. | ) | |
| Fallen, *Assist. Warden*; Mr. S. Smith, | ) | |
| *Recreation*; Mr. T. Nixon; Mr. J. Sullivan; Mr. | ) | |
| Sparks; Mrs. Lathrop; Mr. L. Morgan, *Unit* | ) | |
| *Officer*; Mr. B. Burkett, *Unit Officer*; Mr. | ) | |
| Wilson, *Unit Officer*; Mr. Burkett, *Unit* | ) | |
| *Officer*; Mrs. V. Kepner, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Jorge L. Margarrez ("Margarrez"), a self-represented federal prisoner, filed this

civil rights matter pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of</u>

<u>Narcotics</u>, 403 U.S. 388, 397 (1971).[1]  This matter is before the court pursuant to 28 U.S.C. § 636(b)

_____

[1] In <u>Bivens</u>, the United States Supreme Court established a direct cause of action under the
Constitution of the United States against federal officials for the violation of federal constitutional
rights.  A <u>Bivens</u> claim is analogous to a claim brought against state officials under 42 U.S.C.
§ 1983; therefore, case law involving § 1983 claims is generally applicable in <u>Bivens</u> actions.  <u>See</u>
<u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 814-20, n.30 (1982); <u>see also</u> <u>Farmer v. Brennan</u>, 511 U.S. 825
(1994).

and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion

to dismiss Margarrez's Complaint. (ECF No. 34.) Pursuant to Roseboro v. Garrison, 528 F.2d 309

(4th Cir. 1975), the court advised Margarrez of the summary judgment and dismissal procedures and

the possible consequences if he failed to respond adequately to the defendants' motion. (ECF Nos.

35.) Margarrez responded in opposition to the defendants' motion. (ECF No. 63.) Having carefully

considered the parties' submissions and the applicable law, the court finds that the defendants'

motion to dismiss should be granted.

## BACKGROUND

The incidents that are the subject of Margarrez's Complaint have occurred during his

incarceration at FCI-Edgefield, an institution of the Bureau of Prisons. Margarrez contends that in

or about February 2010, he and approximately 100-125 Mexican inmates were moved from the

general prison population to a special housing unit ("SHU") due to a fight that occurred among a

"few inmates." Margarrez alleges that an investigation of the Mexican inmates occurred "to find out

who did what." (Compl., ECF No. 1 at 2.) Margarrez alleges that as a result of this placement he

was denied "outside recreation, access to law books and materials, inmates had to go on food strike,

in order to get the officers attention, and to be released back on the compound with other inmates."

(Id. at 2-3) (errors in original). Margarrez asserts that during the six months that he was in SHU

none of the Mexican inmates was charged with a disciplinary violation. He further appears to allege

that he was denied access to the courts while he was in SHU and, as a result, one of his motions in

his criminal appeal was denied. Margarrez also alleges that he was placed in SHU by the Warden

and her staff because he is Mexican.

## DISCUSSION

### A.    Motion to Dismiss Standards

The defendants have moved for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded.  It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint.  Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999).  To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (quoting Twombly, 550 U.S. at 570).  A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged.  Id.  When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).

This court is required to liberally construe *pro se* complaints.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district



court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## B.    Official Capacity Claims

The defendants correctly assert that the court lacks subject matter jurisdiction over Margarrez's claims for damages against the defendants in their official capacities because of the doctrine of sovereign immunity. To the extent Margarrez seeks damages against the defendants in their official capacities, they are indeed protected by sovereign immunity. See Kentucky v. Graham, 473 U.S. 159, 165 (1985) (holding that an official capacity suit "generally present[s] only another way of pleading an action against an entity of which an officer is an agent" and "is, in all respects other than name, to be treated as a suit against the entity") (internal quotations omitted); Doe v.

Chao, 306 F.3d 170, 184 (4th Cir. 2002) (observing that "a Bivens action does not lie against either agencies or officials in their official capacity").

C.    **Exhaustion of Administrative Remedies**

The defendants also argue that Margarrez's Complaint should be dismissed for failure to exhaust his administrative remedies.  A prisoner must exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), specifically 42 U.S.C. § 1997e(a).  Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).  To satisfy this requirement, a plaintiff must avail himself of every level of available administrative review.  See Booth v. Churner, 532 U.S. 731 (2001).  Those remedies neither need to meet federal standards, nor are they required to be plain, speedy, and effective.  Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739).  Satisfaction of the exhaustion requirement requires "using all steps that the agency holds out, and doing so *properly*."  Woodford v. Ngo, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original).  Thus, "it is the prison's requirements, and not the [Prison Litigation Reform Act], that define the boundaries of proper exhaustion."  Jones v. Bock, 549 U.S. 199, 218 (2007). The defendants have the burden of establishing that a plaintiff failed to exhaust his administrative remedies.  Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005).

Page 5 of 8

The Bureau of Prisons ("BOP") has a three-tiered administrative grievance process.  See 28 C.F.R. §§ 542.10 et seq.  An inmate may first seek to informally resolve his complaint by filing Form BP-8, and if the matter cannot be resolved informally, the inmate must file a formal written "Administrative Remedy Request" (Form BP-9) within twenty calendar days following the date on which the basis for the complaint occurred.  28 C.F.R. §§ 542.13, 542.14(a).  If the inmate is dissatisfied with the response, he may appeal the decision to the Regional Director within twenty calendar days of the date of the Warden's response by filing Form BP-10.  28 C.F.R. § 542.15. Finally, the inmate may appeal this decision to the General Counsel within thirty calendar days of the Regional Director's response by filing Form BP-11.  Id.

In this case, the defendants argue that Margarrez has failed to properly complete all of the required steps of the grievance process.  In July 2010, Margarrez filed a BP-9, which was rejected for untimeliness.  (See Lathrop Decl. ¶ 4 & Attach., ECF No. 34-1 at 2-3.)  Margarrez subsequently filed a BP-10 and BP-11, which were also rejected for untimeliness.  (Id. ¶¶ 6-7, ECF No. 34-1 at 3.)  In response to the court's special interrogatories, Margarrez asserts that he could not timely exhaust his remedies because the staff denied him access to the necessary forms for seventeen weeks. (See Pl.'s Resp. to Ct.'s Special Interrog., ECF No. 9 at 2.)  However, the defendants have declared that BOP Program Statement 1330.16 provides that when an administrative remedy request is untimely due to no fault of the inmate, "the inmate should request an extension of time and resubmit his administrative remedy with written verification from a staff member verifying the delay was through no fault of the inmate," and there is no evidence that Margarrez submitted any such request. (Id. ¶¶ 5-7, ECF No. 34-1 at 3.)  Therefore, the defendants argue that this matter must be dismissed for failure to properly exhaust his administrative remedies.

In response to the defendants' argument, Margarrez simply states that he "exhausted every available administrative remedy he has." (Pl.'s Resp. in Opp'n to Mot. to Dismiss, ECF No. 63 at 2.) Margarrez has not submitted any documents or argument that he sought an extension of time to file his administrative requests or otherwise complied with Program Statement 1330.16. Margarrez's general statement that he attempted to exhaust his remedies and he was denied forms is insufficient to refute the defendants' showing or demonstrate that he was prevented from exhausting his administrative remedies. Cf. Hill v. O'Brien, 387 Fed. Appx. 396 (4th Cir. July 12, 2010) (unpublished); Hill v. Haynes, 380 Fed. Appx. (4th Cir. June 2, 2010) (unpublished). Therefore, even taking the evidence in the light most favorable to Margarrez, the record shows that he failed to properly exhaust his remedies.[2] See Woodford, 548 U.S. at 90; Jones, 549 U.S. at 218.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the defendants' motion to dismiss (ECF No. 34) be granted. In light of this recommendation, the court further recommends that any other pending motions be terminated. (ECF No. 54.)

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 14, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[2] Moreover, even if Margarrez's claims were properly exhausted, most if not all of Margarrez's claims would be subject to dismissal for the alternative reasons argued in the defendants' memorandum in support of their motion to dismiss, which allege that Margarrez's pleadings fail to comply with Federal Rule of Civil Procedure 8(a)(2) and fail to state a claim upon which relief can be granted. (See ECF No. 34 at 10-25.)

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).